727 S.E.2d 119 (2012)
In the Matter of Xavier Cornell DICKS.
No. S12Y0769.
Supreme Court of Georgia.
April 24, 2012.
Xavier Cornell Dicks, Stone Mountain, for appellee.
Anthony B. Askew, Chair, Review Panel, for other party.
Paula J. Frederick, General Counsel, Jonathan Winslow Hewett, Assistant General Counsel, State Bar of Georgia, for appellant.
PER CURIAM.
This disciplinary matter is before the Court on the Review Panel's report and recommendation, recommending that Xavier Cornell Dicks (State Bar No. 221142) be disbarred for conduct arising out of his abandonment of a client.
After the State Bar filed a formal complaint, Dicks, who was admitted to the Bar in 1991, filed a petition for voluntary discipline seeking a public reprimand and promising to pay restitution. The facts, as admitted in Dicks' answer to the formal complaint and in the voluntary petition, and as established at the hearing before the special master, show that a client had hired Dicks in June 2007 to represent the client in a suit to enforce a mechanic's lien to recover $175,000. Although Dicks was aware that the statute of limitations to enforce the lien would expire on December 15, 2007, Dicks did not file an action to enforce the lien until January 18, 2008. At the time he filed the suit, Dicks believed it had no merit. Dicks failed to appear at the hearing scheduled on the motion to dismiss the action and the trial court dismissed it for failure to prosecute. Dicks did not inform his client that the action had *120 been dismissed. Dicks re-filed the action, but it was dismissed with prejudice because the original action had not been timely filed. Dicks again failed to timely notify his client of the dismissal.
In July 2009, Dicks informed his client that the action had been dismissed due to the expiration of the statute of limitations. He also presented his client with a release that released Dicks from any causes of action arising out of Dicks' handling of the suit in exchange for Dicks' promise to pay the client $25,000 by September 28, 2009. Under the release, the client also agreed not to file a Bar complaint against Dicks. Dicks did not inform the client that he should have another lawyer look at the release before he signed it. The client's signature on the release is notarized by Dicks' paralegal, but at the hearing, the client testified that he did not sign the release before a notary and that only he and Dicks were present when the release was signed. After the State Bar issued its notice of investigation, Dicks failed to file a timely response as required by Rule 4-204.3. Although Dicks promised in his petition for voluntary discipline that he would pay restitution of $25,000 to his client, he has only paid about $6,000.
Based on this conduct, the special master, Clark D. Cunningham, found that Dicks violated Rules 1.3, 3.1, and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102(d). The maximum sanction for a violation of Rule 1.3 is disbarment, and the maximum sanction for a violation of Rules 3.1 and 9.3 is a public reprimand.
In aggravation of discipline, the special master found that Dicks did not make a timely good-faith effort to make restitution; Dicks refused to acknowledge the wrongful nature of his conduct; Dicks submitted false evidence during the disciplinary process by presenting the release with the false notarization to the Investigative Panel as evidence of mitigation; Dicks had two prior disciplinary actions against him  Investigative Panel reprimands issued in 2003 and 2009; the underlying facts of those prior cases involved a similar pattern of Dicks abandoning clients, but trying to justify his conduct by expressing doubts about the merits of the clients' cases; the case presents multiple offenses; and Dicks has substantial experience in the practice of law. The special master stated that Dicks offered no evidence in mitigation. The special master concluded that the violation of Rule 1.3 was alone a sufficient basis for disbarment, but also cited Rule 4-103, which provides that a third disciplinary infraction constitutes discretionary grounds for suspension or disbarment. The special master found that nothing in the record indicated that another reprimand or even a period of suspension would adequately protect future clients, opposing parties, and courts from Dicks' continued misconduct. Thus, in light of the extensive aggravating factors, the special master recommended disbarment. Dicks requested review by the Review Panel, but failed to file any exceptions. The Review Panel adopted the special master's findings of fact and conclusions of law, and also recommended disbarment.
Having considered the record and the exceptions filed in this Court by Dicks, the Court agrees that disbarment is the appropriate sanction. Accordingly, it is hereby ordered that the name of Xavier Cornell Dicks be removed from the rolls of persons authorized to practice law in the State of Georgia. Dicks is reminded of his duties pursuant to Bar Rule 4-219(c).
Disbarred.
All the Justices concur.